IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDREW JOHN SKIBICKI, | ) |
| Plaintiff, | ) |
| v. | ) JURY DEMAND |
| | ) CIVIL ACTION NO. _____ |
| PVH CORPORATION d/b/a VAN HEUSEN, | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the plaintiff, Andrew John Skibicki ("Specialist Skibicki") through counsel and for his Complaint states:

1. This is an action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

### PARTIES

2. Specialist Skibicki is a citizen of Tennessee and resides in Davidson County, Tennessee.

3. Defendant, PVH Corporation d/b/a Van Heusen ("Van Heusen") sells dress shirts in its retail outlets around the country. Van Heusen is incorporated in Delaware with its principle place of business located at 200 Madison Avenue, New York, New York 10016. Van Heusen also maintains two places of business in Middle Tennessee located at 1 Outlet Village Boulevard, Lebanon, Tennessee 37090 and 433 Opry Mills Drive, Nashville, Tennessee 37214.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant

to 38 U.S.C. § 4323(b).

5. Venue is proper in this district under 38 U.S.C. § 4323(c)(2) and 28 U.S.C. § 1391(b) because Van Heusen maintains a place of business in this judicial district.

**FACTS**

6. Specialist Skibicki has been a member of the Army Reserves since March 2008. Van Heusen was aware that Specialist Skibicki was a member of the Pennsylvania National Guard.

7. Currently, Specialist Skibicki is a combat engineer serving in the Pennsylvania National Guard's 365 Engineer Battalion HHC based in Schuylkill Haven, Pennsylvania.

8. In May 2012, Specialist Skibicki began at Van Heusen.

9. John Hoffman ("Manager Hoffman") was a District Manager and Specialist Skibicki's immediate supervisor.

10. In June, 2012, Manager Hoffman approached Specialist Skibicki to discuss his military service. During that conversation, Manager Hoffman stated to Specialist Skibicki: "You can't be committed to too many things" and "I understand that you are committed to the military, but I need people who are committed to this company." Manager Hoffman questioned Specialist Skibicki's loyalty to the company because of his military commitments.

11. Specialist Skibicki gave Manager Hoffman reasonable notice that he had military drill in June, 2012.

12. Upon his return from military drill, Manager Hoffman continued to harass Specialist Skibicki and question his loyalty to the company.

2

13. Manager Hoffman told Specialist Skibicki to stand in the back right corner of the store and fold clothes and then said do not take your hands or eyes off this stack of clothes. Then, Manager Hoffman approached Specialist Skibicki harassed him by saying: "How many people are in the store?" and "You're a high speed military guy. You should know this stuff."

14. Manager Hoffman also made it a point to refer to Specialist Skibicki as "General Shinseki" in an effort to harass and demean him.

15. Specialist Skibicki gave Manager Hoffman reasonable notice that he had to attend a military "Family Day" in July, 2012.

16. A military Family Day is an opportunity for the families of servicemen and servicewomen to meet their commanders and other members in the unit. It is also a way for military families to connect so that they can support each other while their loved ones are deployed overseas.

17. Manager Hoffman told Specialist Skibicki if he attended the Family Day, he would be terminated.

18. Specialist Skibicki attended the military's Family Day.

19. After Specialist Skibicki attended the military's Family Day, a new schedule was posted that cut Specialist Skibicki's hours.

20. Specialist Skibicki further gave Manager Hoffman reasonable notice that he had to attend Extended Combat Training ("ECT") in July, 2012 at Fort McCoy in Wisconsin.

21. Manager Hoffman informed Specialist Skibicki that if he went to ECT he would be terminated.

3
Case 3:12-cv-00974   Document 1   Filed 09/20/12   Page 3 of 5 PageID #: 3

22. Shortly before Specialist Skibicki left in July, 2012 to deploy to Fort McCoy he was terminated by Manager Hoffman.

23. Van Heusen's discrimination and unlawful discharge of Specialist Skibicki violated his rights under USERRA.

## CLAIM FOR RELIEF

### Uniformed Service Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.*

24. Specialist Skibicki adopts and incorporates all of the prior allegations and averments stated before.

25. Van Heusen violated Specialist Skibicki's rights under 38 USC § 4311 of USERRA, among other ways, by discriminating against him and unlawfully discharging him.

26. Specialist Skibicki's military service was a motivating factor in the adverse employment actions taken against him by Van Heusen in violation of 38 U.S.C. § 4311.

27. Specialist Skibicki has lost pay and benefits as a result of Van Heusen' discrimination and unlawful discharge.

28. Van Heusen's refusal to fully comply with USERRA is willful and deliberate.

WHEREFORE, Plaintiff Prays:

1. That the Court find and make a declaratory judgment that Van Heusen violated Specialist Skibicki's USERRA rights when it discriminated against him by unlawfully discharging him.

2. That Van Heusen be required to fully comply with the provisions of USERRA by:

(a)     Ordering that Van Heusen refrain from discriminating against Specialist Skibicki;

(b)     Reinstating Specialist Skibicki to the position he held prior to performing military service or a position of like seniority, status and pay.

(c)     Entering a judgment awarding Specialist Skibicki back pay and benefits as a result of Van Heusen' violations of USERRA in an amount not to exceed $500,000.

(d)     Entering a judgment awarding Specialist Skibicki all front pay as a result of Van Heusen' violations of USERRA in an amount not to exceed $100,000.

(e)     Entering a judgment awarding Specialist Skibicki liquidated damages for the company's willful violations of USERRA.

(f)     Entering a judgment awarding Specialist Skibicki his attorneys' fees.

(g)     Entering a judgment awarding Specialist Skibicki his litigation expenses.

(h)     Entering a judgment awarding Specialist Skibicki pre- and post-judgment interest on the amount of lost compensation found due.

(i)     Awarding any such general relief that Specialist Skibicki may be Entitled to under the law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action.

Dated: 20 September 2012        Respectfully submitted,

*[signature]*

Joe Napiltonia (#26881)
Law Office of Joe Napiltonia
219 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 734-1199
Facsimile: (615) 534-4141
joenap@navyseallawyer.com